**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Armando TREVINO–SALAZAR,
Defendant–Appellant.**

No. 06–40820

Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 13, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Larry Chris Iles, Rockport, TX, for Defendant–Appellant.

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM: *

Armando Trevino–Salazar appeals his sentence following his guilty-plea conviction for possession with intent to distribute more than 50 grams of methamphetamine and more than 5 kilograms of cocaine. He argues that the district court clearly erred in denying him a minor-role adjustment to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

his offense level under U.S.S.G. § 3B1.2. Trevino–Salazar argues that he was a mere courier who was substantially less culpable than other participants in the offense.

We review the district court's application of the Sentencing Guidelines de novo and review factual findings for clear error. *See United States v. Villegas,* 404 F.3d 355, 359 (5th Cir.2005); *United States v. Villanueva,* 408 F.3d 193, 203 & n. 9 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 268, 163 L.Ed.2d 241 (2005). Pursuant to § 3B1.2, a district court may decrease a defendant's offense level by two levels if the defendant was a minor participant. An adjustment for a minor role applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." § 3B1.2, cmt. n. 5. The district court did not clearly err in denying Trevino–Salazar a minor-role adjustment. *See United States v. Atanda,* 60 F.3d 196, 199 (5th Cir.1995).

AFFIRMED.